25507. GRIFFIN et al. v. TRUSTEES OF THE ATLANTA UNIVERSITY et al.

UNDERCOFLER, Justice. The Trustees of the Atlanta University, a Georgia corporation, and Dr. Thomas D. Jarrett, President, Trustee, and as a representative of the Board of Trustees of the Atlanta University, filed a complaint in the Superior Court of Fulton County, Georgia, against five named defendants individually and as representatives of a class of approximately 20 to 30 persons.

The complaint shows that the Trustees of the Atlanta University have fee simple title to certain property consisting of a described vacant lot, that during the past four months the defendants, who are not students, have continuously and uninterruptedly occupied said property and prevented the complainants from rightfully using and possessing it although demand has been made that they leave the lot. The defendants have erected a large tent and tables, and have posted signs which are labeled the "Colonial African Vigil in honor of Martin Luther King, Jr." that attract crowds onto said property. The complaint shows that the defendants have accumulated great amounts of garbage, trash and debris on said property causing serious sanitation problems to said property and the surrounding area. The defendants fre-

quently play musical instruments such as trumpets and drums early in the morning, during the day, and late at night and such conduct has caused and continues to cause a nuisance to all persons in the area. All of these acts of trespass and nuisance have caused and are continuing to cause complainants gross inconvenience and deprive them of the use and possession of the property. The complainants have no adequate remedy at law to cause abatement of said nuisance and continuing trespass and equity should intervene to prevent a multiplicity of suits. The complaint sought to temporarily and permanently enjoin the defendants from committing the specified acts of nuisance and continuing trespass and from interfering in any way with the right of the Board of Trustees of the Atlanta University to the peaceful possession and use of said property.

Two of the named defendants answered the petition and admitted that they had conducted a peaceful, nonviolent vigil in honor of the memory of and work of the late Dr. Martin Luther King, Jr., an alumnus and trustee of the Atlanta University, on a vacant parcel of land and that they had continuously utilized a small tent and table in the conduct of the vigil. The defendants allege that this complaint seeks to deprive them of rights, privileges, and immunities in violation of the free speech, assembly, association, and petition provisions of the First Amendment of the Constitution of the United States in that the defendants' use and occupation of the land has been consonant with the use of it by the general public and has been for a peaceful, nonviolent, and socially redeeming and uplifting purpose. By the amendment the defendants aver that upon demand in writing, they or anyone in active association with them will quit the premises so that the land may be developed.

Dr. Thomas D. Jarrett, President and a member of the Board of Trustees of the Atlanta University, by affidavit deposed: The property described in the complaint is owned in fee simple by the Trustees of the Atlanta University. In his capacity as President of the University, it is incumbent on him to preserve the property of the University, to administer its affairs and to maintain and insure that the conditions on the campus are conducive to efficient work and study by the students, staff and faculty. The involved property is adjacent to faculty homes, students' dormitories and the president's residence. The overall and ultimate land use of the

property is being considered and studied as a part of a long range planning study presently being conducted by the Ford Foundation and it is essential for this study that all of the University's properties be preserved and utilized only .for University purposes. Permission to use this property had not been given the defendants by the deponent, the University, the corporation, or the trustees of the corporation. The defendants have been requested to leave the property but they have refused to do so. The affidavit further set forth facts which supported the other acts of nuisance and continuing trespass alleged in the complaint and attached and made a part of the affidavit several leaflets being distributed by the defendants and a copy of a magazine article about the vigil.

Complainants submitted other affidavits which showed: The defendants were informed by the University's Chief Security Officer that they were on private property without authority and that they told him: "This is a black university and the black people's property." They refused to leave. While children and others have on occasion played on this vacant lot, they were always supposed to obtain permission and generally did.

The defendants submitted affidavits which showed that: The nightly meetings held on the lot were conducted in a peaceful manner, a nuisance was not being created and maintained, the lot was unenclosed and children used it for play. People in the neighborhood used the lot for a "short cut."

The trial court found that the property in question was the private property of the Atlanta University and that the acts of the defendants constituted a continuing trespass which the University had a right to prohibit. The trial court temporarily enjoined the defendants from committing any of the acts of trespass described in the petition; from entering upon, possessing, attempting to possess, or making any use of the property; from erecting or maintaining a tent, table, sign, other structures or facilities on the property; from interfering in any way with the right of the University to the peaceful possession and use of its property; and from committing any acts of trespass on the property. The trial court made no findings and did not base its order on any allegations or evidence relating to the alleged nuisance.

The appeal is from this judgment. *Held:*

The appellants in their brief stated that the issue of law to be decided in this case is: "Whether the wholly peaceful use of

vacant and unenclosed urban land to discuss questions of public importance and to observe a vigil in memory of a well-known public figure may be enjoined as a trespass to real property consistent with the First Amendment of the Constitution of the United States."

"The right or privilege of free speech . . . guaranteed by the Constitutions of the United States and of the several states, has its limitations and is not an absolute right. . ." 16 AmJur2d 665, § 345; 16 CJS 1102, § 213 (5). Freedom of speech does not always prevail over property rights. Property rights do not always prevail over the right of free speech. Amalgamated Food Emp. Union Local 590 v. Logan Valley Plaza, Inc., 391 U. S. 308 (88 SC 1601, 20 LE2d 603). When these rights conflict, the courts determine to what extent the respective rights must yield.

Here the appellants claim the right to use vacant property owned by the Atlanta University to exercise their right of free speech. They claim that the Atlanta University cannot bar them from the use of its property for this purpose because neighborhood children have not been barred from playing there, persons traverse it as a "short cut" and the University, although a private institution, is tax exempt. They contend that the decision in Amalgamated Food Emp. Union Local 590 v. Logan Valley Plaza, Inc., supra,. supports their position. That case authorized picketing by members of a labor organization upon private property being used as a shopping center. We decline to extend that decision to the circumstances here. In our opinion the right of free speech does not prevail over the Atlanta University's rights of private property in this case. The acts of the appellants constituted continuing trespasses and the interlocutory injunction was properly granted by the trial judge.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 10, 1969—DECIDED DECEMBER 4, 1969—REHEARING DENIED DECEMBER 18, 1969.

*Howard Moore, Jr., Peter E. Rindskopf,* for appellants.

*King & Spalding, Kirk McAlpin, William K. Meadow, Charles M. Shaffer, Jr.,* for appellees.